UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PIERRE NAJJAR,   CASE NO. _____

       Plaintiff   JUDGE

v

GHASSAN DAHLEH AND IHASSAN DAHLEH,
Jointly and severally,

       Defendants
_____/

SCHMIDLIN & SALIM, P.C.
Attorneys for Plaintiff
By: David A. Salim  (P58361)
5141 Gateway Centre, Suite 100
Flint, MI 48507
(810) 232-5038
(810) 232-5538 fax
courtfilings@hsslawyers.com
dsalim@hsslawyers.com
_____/

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Pierre Najjar, by and through his attorneys, Schmidlin & Salim, P.C., and states the following in support of his Complaint in this action:

1

PARTIES AND JURISDICTION

1. Plaintiff, Pierre Najjar, is an individual residing at 8395 Wesley Drive, Flushing, Genesee County, Michigan 48433.

2. Defendant, Ghassan Dahleh, is an individual who, upon information and belief, is a citizen of Illinois. Defendant Ghassan Dahleh provided Plaintiff with an address for notice in Illinois and, on information, continues to maintain a residence in Illinois.

3. Defendant, Ihassan Dahleh, is an individual whose last known address was 5629 W. Cermak Road, Cicero, IL 60804, and who, on information and belief, continues to be a citizen of Illinois and resides in Chicago, IL.

4. The parties have diversity of State citizenship as Plaintiff is a citizen of and resides in Michigan, and Defendants are citizens of and reside in Illinois.

5. The transactions and occurrences from which this cause of action arose occurred in the City of Chicago, Cook County, Illinois.

6. The amount in controversy exceeds $75,000.

GENERAL FACTS

7. The parties to this action were involved in a business transaction which resulted in a lawsuit being filed by Plaintiff against Defendants in the United States District Court for the Northern District of Illinois at Case No. 09-cv-03554 (the "Lawsuit").

8. The foregoing action was dismissed pursuant to the parties' execution of a Release and Settlement Agreement on or about December 10, 2011 by and between Pierre Najjar, as Plaintiff, and Ghassan Dahleh and Ihassan Dahleh, as Defendants (Release and Settlement Agreement attached hereto as Exhibit A).

9. In conjunction therewith, Ghassan Dahleh executed a Promissory Note in the amount of $250,000 (Exhibit B).

10. In addition, Ihassan Dahleh executed a Guaranty of Ghassan Dahleh's payment under the Promissory Note (attached as Exhibit C).

11. At paragraph 3, the Settlement Agreement calls for certain payments to be made by Defendants to Plaintiff.

12. In addition, pursuant to paragraph 3 of the Settlement Agreement, in the event of default and Defendants' failure to cure within 30 days after having been provided notice of default, the document provides "stipulate to entry of judgment against them, jointly and severally, in an amount equal to double the balance of principal and accrued interest due and owing under this Agreement at the time of default" (see Exhibit A, p. 2).

13. Attached hereto as Exhibit D is a schedule of all payments made pursuant to the Settlement Agreement.

14. Attached as Exhibit E are notices of default and an Affidavit of Kathy D. Giampetroni attesting to the mailing dates and addresses of the notices.

15. Defendants did not pay in accord with the Settlement Agreement.

16. Defendants, upon notice of default, did not cure the non-payment in accord with the Agreement.

17. The Settlement Agreement specifically provides that it operated to release all claims of the parties excepting only "that the obligations of the Parties as

4

stated in this Agreement and documents attached hereto shall survive this Agreement and constitute the sole remaining obligations of the Parties" (see Exhibit A, p. 3, paragraph 4).

18. Finally, the Settlement Agreement at page 5 specifically provides that Dahleh is to pay Najjar's costs of enforcement as well as all expenditures of Najjar necessary to mitigate damages (Exhibit A at p. 5, paragraph 16).

## COUNT I - BREACH OF CONTRACT

19. Paragraphs 1 - 18 are incorporated and made a part hereof as though fully restated herein.

20. Defendants agreed to pay Plaintiff in accord with the Release and Settlement Agreement attached hereto as Exhibit A in exchange for dismissal of the Lawsuit.

21. Plaintiff agreed to dismiss the Lawsuit pursuant to the Release and Settlement Agreement.

22. Defendants have failed to pay Plaintiff pursuant to the terms of the Release and Settlement Agreement as well as the Promissory note and Guaranty despite Plaintiff's

repeated demands for payment.

23. As reflected by the Affidavit attached hereto as Exhibit F and pursuant to Paragraph 3 of the Settlement Agreement, Defendants presently owe Plaintiff over and above all legal set-offs and counterclaims and exclusive of interest the sum of $495,005.31.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants in the amount of Four Hundred Ninety-Five Thousand Five and 31/100 ($495,005.31) Dollars, plus costs, interest and attorney fees as such continue to accrue and such other further relief as this Court deems appropriate.

## COUNT II - UNJUST ENRICHMENT

24. Paragraphs 1 - 23 are incorporated and made a part hereof as though fully restated herein.

25. Plaintiff agreed to dismiss the Lawsuit for the benefit of Defendants in exchange for the settlement contract attached as Exhibit A.

26. Plaintiff dismissed the Lawsuit with the reasonable expectation of receiving payment under the terms

of the Release and Settlement Agreement executed by Defendants and Promissory Note executed by Ghassan Dahleh.

27. Defendants assured Plaintiff that Plaintiff would receive payment pursuant to the agreements signed by the parties and, in fact, began performance under same.

28. Defendants accepted without objection the dismissal of the Lawsuit by Plaintiff and have benefitted from such dismissal.

29. If Defendants were to assert any defense which would cause the agreement to become unenforceable or to have such set aside, Defendants would be unjustly enriched by the consideration given by Plaintiff with a well-established expectation of return benefit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants in the amount of Four Hundred Ninety-Five Thousand Five and 31/100 ($495,005.31) Dollars, plus costs, interest and attorney fees as such continue to accrue and such other further relief as this Court deems appropriate.

## COUNT III – ACCOUNT STATED

30. Paragraphs 1 - 29 are incorporated and made a part hereof as though fully restated herein.

31. Plaintiff entered into a Settlement Agreement with Defendants (Exhibit A).

32. Defendants accepted the terms of the Settlement Agreement.

33. Defendants gave Plaintiff assurances that payment would be made as set forth in the Settlement Agreement.

34. Defendants were provided with notices of the amount due by Defendants, to which no objection was received (see Exhibit E). Furthermore, attached is an Affidavit (see Exhibit F) setting forth the amount due under said Settlement Agreement.

35. The account has become stated and as reflected by the Affidavit attached hereto, Defendants owe Plaintiff, over and above all legal set-offs, claims and exclusive of interest, the sum of $495,005.31.

36. Despite repeated demands for payment, Defendants have failed to pay Plaintiff pursuant to the terms of the

Settlement Agreement between Plaintiff and Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants in the amount of Four Hundred Ninety-Five Thousand Five and 31/100 ($495,005.31) Dollars, plus costs, interest and attorney fees as such continue to accrue and such other further relief as this Court deems appropriate.

## JURY DEMAND

NOW COMES Plaintiff, Pierre Najjar, by and through his attorneys, Schmidlin & Salim, P.C., and demands a jury trial in this action.

                                SCHMIDLIN & SALIM, P.C.
                                Attorneys for Plaintiff

Date: November 2, 2021    By: /s/ David A. Salim
                                David A. Salim   (P58361)
                                5141 Gateway Centre, Suite 100
                                Flint, MI 48507
                                (810)232-5038;
                                (810)232-5538 Fax
                                dsalim@hsslawyers.com
                                courtfilings@hsslawyers.com